FILED
2011 Dec-02 PM 02:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SUSAN DERIEUX,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NUMBER: ____________** |
| | ) | |
| **v.** | ) | **Pending in the Circuit Court** |
| | ) | **of Jefferson County, Alabama** |
| | ) | **Case No: CV-2011-903860.00** |
| **NATIONAL CREDIT** | ) | |
| **ADJUSTERS, LLC** | ) | |
| **SMITH HAYNES & WATSON,** | ) | |
| **LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**NOTICE OF REMOVAL**

COMES NOW the Defendant, National Credit Adjusters, LLC ("NCA"), and hereby removes the above styled action from the Circuit Court of Jefferson County, Alabama pending as Civil Action Number: CV-2011-903860.00, to this United States District Court for the Northern District of Alabama, Southern Division by stating as follows:

1. Plaintiff served NCA with the Summons and Complaint on or about October 31, 2011.

2. All claims asserted within the Complaint relate directly to NCA's and Smith Haynes & Watson, LLC's ("Smith Watson") attempt to collect a debt from the Plaintiff. As such, the Complaint asserts claims against both Defendants for

violations of the Fair Debt Collection Practices Act ("FDCPA") (Count I), as well as violations of state law claims of Invasion of Privacy (Count II), Negligent, Wanton, and/or Intentional Hiring, Training and Supervision of Incompetent Debt Collectors (Count III), and Negligent, Wanton, and Intentional Conduct (Count IV). Also, the Plaintiff prefaces its claims against both Defendants with allegations of Respondeat Superior Liability.

3. The United States District Court for the Northern District of Alabama, Southern Division encompasses the geographic area of the Circuit Court of Jefferson County, Alabama.

4. Copies of all process and pleadings served upon NCA in the state court including the Case Action Summary from the State Judicial Information System web site Alacourt.com are attached hereto as Exhibit A.

5. NCA gives prompt notice of its filing this Notice of Removal to all parties and to the Circuit Court of Jefferson County, Alabama, by filing a Notice of Filing Notice of Removal, attached as Exhibit B, together with a copy of this Notice of Removal, in the Circuit Court of Jefferson County, Alabama, and by serving same on all parties as provided in 28 U.S.C § 1446(d).

6. By way of Notice of Consent and Joinder attached as Exhibit C, Smith Haynes does not oppose and joins this Notice of Removal to the United States District Court for the Northern District of Alabama, Southern Division.

## Jurisdiction Based Upon Federal Question

7. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8. The Complaint explicitly alleges claims against NCA and Smith Haynes pursuant to the FDCPA. Specifically, §§1692d, 1962e, (2), (5), (8), (10), and 1692f, (1).

9. The FDCPA provides: "An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy . . . ." 15 U.S.C. § 1692k(d).

10. Actions brought in state court under the FDCPA are removable to the appropriate Federal District Court. *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1263 (11th Cir. 1999).

11. According to 28 U.S.C. § 1441(b), a defendant in a state court action may remove the action to federal court if the federal district court has "original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States."

12. Moreover, removal pursuant to 28 U.S.C. § 1441(b) is proper "without regard to the citizenship or residence of the parties."

13. When removal is based upon federal question jurisdiction, the defendant must demonstrate the existence of a federal question based on the well-pleaded complaint rule. *Marcus v. AT & T Corp.*, 138 F.3d 46, 52 (2nd Cir. 1998); *see also West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188, 192 (2nd Cir. 1987) (*stating* "[t]he [well-pleaded complaint] rule provides that federal question jurisdiction exists only when the plaintiff's own cause of action is based on federal law . . . and only when plaintiff's well-pleaded complaint raises issues of federal law").

14. Because the Complaint explicitly alleges claims against NCA and Smith Haynes pursuant to the FDCPA, removal is proper under 28 U.S.C. § 1441(b).

**Removal is Timely**

15. The Plaintiff filed her Complaint on October 29, 2011, which raised a federal question by alleging violation of the FDCPA by NCA and Smith Haynes.

16. Per 28 U.S.C. § 1446(b): "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

17. NCA received a copy of the Summons and Complaint on October 31, 2011.

18. Therefore, this notice is being filed with this Court within thirty (30) days after NCA received a copy of the initial Pleadings.

**Supplemental Jurisdiction**

19. The Complaint alleges several claims against NCA and Smith Haynes based on Alabama common law for Invasion of Privacy (Count II), Negligent, Wanton, and/or Intentional Hiring, Training and Supervision of Incompetent Debt Collectors (Count III), and Negligent, Wanton, and Intentional Conduct (Count IV).

20. Each of the Plaintiff's state law claims against the Defendants are rooted upon alleged contacts and communications with the Plaintiff regarding a debt. (See Exhibit D, Complaint).

21. The state law claims contained within the Complaint all relate and rest upon the Defendants' alleged violation of the FDCPA and provide for the Court's exercise of supplemental jurisdiction over all state law claims asserted against both Defendants.

22. To the extent the Plaintiff's state law claims against the Defendants are not preempted by the FDCPA, this Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), which provides "the district courts shall have supplemental jurisdiction over all claims that are so

related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution."

23. The crux of the Plaintiff's state law claims and allegations against the Defendants relate directly to conduct alleged to be in violation of federal law (FDCPA), and therefore arise from the same case or controversy.

WHEREFORE, PREMISES CONSIDERED, Defendant National Credit Adjusters, LLC, requests this Court to enter an order effecting the removal of this action from the Circuit Court of Jefferson County, Alabama, to this Court and make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in said Circuit Court.

DATED this 1 day of December, 2011.

Neal D. Moore, III (MOO 073)
Larry Young, Jr. (YOU049)
*Attorneys for National Credit Adjusters, LLC*

**OF COUNSEL:**
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Post Office Box 430189
Birmingham, Alabama 35243-0189
205-879-8722 - phone
205-879-8831 – fax

## CERTIFICATE OF SERVICE

This is to certify that on this the __1__ day of December 2011, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

____X_____mailing the same by first-class United States mail, properly addressed and postage pre-paid

__________hand delivery

__________via facsimile

__________ E-File

John G. Watts
M. Stan Herring
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Phone:(205) 879-2447
Fax: (888) 522-7167

William H. McKenzie, IV
Norman, Wood, Kendrick &Turner
505 Twentieth Street North, Suite 1600
Birmingham, Alabama 35203
Phone: (205) 259-1039
Fax: (205) 251-5479

____________________
OF COUNSEL

# EXHIBIT "A"

# ALABAMA SJIS CASE DETAIL

**DODSON** — **PREPARED FOR: AMY KNOWLES**

alacourt.com

County: **01** Case Number: **CV-2011-903860.00** Court Action:
Style: **SUSAN DERIEUX V. NATIONAL CREDIT ADJUSTERS, LLC ET AL**

REAL TIME

## Case

### Case Information

County: JEFFERSON - BIRMINGHAM
Case Number: CV-2011-903860.00
Judge ID: EAF:ELISABETH A FRENCH
Trial: Jury
Style: SUSAN DERIEUX V. NATIONAL CREDIT ADJUSTERS, LLC ET AL
Filed: 10/29/2011

### Case Type

Code: TOXX
Type: OTHER TORT
Track:
Status: A:ACTIVE
No of Plaintiffs: 001
No of Defendants: 002

### Court Action

Dispositon JudgeID:
Court Action:
Judgment For:
Trial days: 0
Lien: 0

### Damages

Amount: $0.00
Compensatory: $0.00
Punitive: $0.00
General: $0.00
None:

### Other Actions

Continuance Date: # of Previous Continuances: 0000 Why:
Revised Judgment Date: Admin Date: 0000 Why:
Appeal Date: Court: Case:
Date Trial Began but No Verdict (TBNV1): 00000000 Date Trial Began but No Verdict (TBNV2):
Disposition Date: Disposition Type:

### Comments

Comment 1:
Comment 2:

## Settings

### Court Dates

| | Date: | Que: | Time: | Description: |
|---|---|---|---|---|
| 1: | | 000 | 00:00 | - |
| 2: | | 000 | 00:00 | - |
| 3: | | 000 | 00:00 | - |
| 4: | | 000 | 00:00 | - |

## Party 1 - C 001 - DERIEUX SUSAN

### Party Information

Party: C 001 Name: DERIEUX SUSAN Type: I:Individual
Index: Y Alt Name: Judge ID: EAF
SSN: XXX-XX-X999 DOB: Sex: Race:
Address 1: C/O WATTS & HERRING, LLC Address 2: 301 19TH STREET NORTH
Phone: (205) 000-0000 City: BIRMINGHAM State: AL Zip: 35203-0000 Country: US
Dock: Notice: Entered:

### Service Information

Issued: Type: Reissue: Type:
Return: Type: Return: Type:
Service: Type: Service On: By:

Answer: Type: NS Not: NA Not:
Warrant Type: Arrest:

**Court Action**

Court action: Date: For Exempt:
Amount: $0.00 Cost: $0.00 Other: $0.00 Satisfied:
Comment:

**Attorneys**

| | | | | | | |
|---|---|---|---|---|---|---|
| Attorney 1: | WAT056 | Name: WATTS JOHN GRIFFIN | City: | BIRMINGHAM | State: | AL |
| Attorney 2: | HER037 | Name: HERRING MYLES STANLEY JR. | City: | BIRMINGHAM | State: | AL |
| Attorney 3: | | Name: | City: | | State: | |
| Attorney 4: | | Name: | City: | | State: | |
| Attorney 5: | | Name: | City: | | State: | |
| Attorney 6: | | Name: | City: | | State: | |

## Party 2 - D 001 - NATIONAL CREDIT ADJUSTERS, LLC

**Party Information**

Party: D 001 Name: NATIONAL CREDIT ADJUSTERS, LLC Type: B:Business
Index: Y Alt Name: Judge ID: EAF
SSN: XXX-XX-X999 DOB: Sex: Race:
Address 1: C/O NATL REG. AGENTS, INC Address 2: 150 S. PERRY STREET
Phone: (205) 000-0000 City: MONTGOMERY State: AL Zip: 36104-0000 Country: US
Dock: Notice: Entered:

**Service Information**

Issued: 10/31/2011 Type: C:Certified mail Reissue: Type:
Return: Type: Return: Type:
Service: 11/01/2011 Type: C:Certified Mail Service On: By:
Answer: Type: NS Not: NA Not:
Warrant Type: Arrest:

**Court Action**

Court action: Date: For Exempt:
Amount: $0.00 Cost: $0.00 Other: $0.00 Satisfied:
Comment:

**Attorneys**

| | | | | | | |
|---|---|---|---|---|---|---|
| Attorney 1: | 000000 | Name: ProSe | City: | | State: | AL |
| Attorney 2: | | Name: | City: | | State: | |
| Attorney 3: | | Name: | City: | | State: | |
| Attorney 4: | | Name: | City: | | State: | |
| Attorney 5: | | Name: | City: | | State: | |
| Attorney 6: | | Name: | City: | | State: | |

## Party 3 - D 002 - SMITH HAYNES & WATSON, LLC

**Party Information**

Party: D 002 Name: SMITH HAYNES & WATSON, LLC Type: B:Business
Index: Y Alt Name: Judge ID: EAF
SSN: XXX-XX-X999 DOB: Sex: Race:
Address 1: C/O NATL REG AGENT OF KS Address 2: 2101 SW 21ST STREET
Phone: (205) 000-0000 City: TOPEKA State: KS Zip: 66604-0000 Country: US
Dock: Notice: Entered:

## Service Information

Issued: 10/31/2011 Type: C:Certified mail Reissue: Type:
Return: Type: Return: Type:
Service: 11/02/2011 Type: C:Certified Mail Service On: By:
Answer: Type: NS Not: NA Not:
Warrant: Type: Arrest:

## Court Action

Court action: Date: For Exempt:
Amount: $0.00 Cost: $0.00 Other: $0.00 Satisfied:
Comment:

## Attorneys

| | | | |
|---|---|---|---|
| Attorney 1: 000000 | Name: ProSe | City: | State: AL |
| Attorney 2: | Name: | City: | State: |
| Attorney 3: | Name: | City: | State: |
| Attorney 4: | Name: | City: | State: |
| Attorney 5: | Name: | City: | State: |
| Attorney 6: | Name: | City: | State: |

## *Financial*

### *Fee Sheet*

| PR: | NO | Acct | Status | Checks | AdminFe | From | For | To | Total Due | Amt Paid | Balance | Hold Amt |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | AOCC | A | A | N | C001 | 000 | 000 | $15.26 | $15.26 | $0.00 | 0 |
| | | CV05 | A | A | N | C001 | 000 | 000 | $306.00 | $306.00 | $0.00 | 0 |
| | | JDMD | A | A | N | C001 | 000 | 000 | $100.00 | $100.00 | $0.00 | 0 |
| | | | | | | | | TOTAL: | $421.26 | $421.26 | $0.00 | $0.00 |

### *Financial History*

| Transaction Date | Transaction Type | Disb Acct | Payment From/To | Batch | Check or Receipt # | Amount | Fee | Money Type | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/04/2011 | R:RECEIPT | | AOCC | 2012026 | 52396200 | $15.26 | N | K | | TIS |
| 11/04/2011 | R:RECEIPT | | CV05 | 2012026 | 52396300 | $306.00 | N | K | | TIS |
| 11/04/2011 | R:RECEIPT | | JDMD | 2012026 | 52396400 | $100.00 | N | K | | TIS |
| 11/04/2011 | Z:FEE ADDED | | AOCC | | 00000000 | $15.26 | N | O | | TIS |
| 11/04/2011 | Z:FEE ADDED | | CV05 | | 00000000 | $306.00 | N | O | | TIS |
| 11/04/2011 | Z:FEE ADDED | | JDMD | | 00000000 | $100.00 | N | O | | TIS |

## *SJIS Witness List*

| Served | Ser. Type | Prt | Name | Type | Party | Issued | Iss. Type | Request |
|---|---|---|---|---|---|---|---|---|

## *Case Action Summary - CV201190386000*

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 10/29/2011 | 10:41:21 | EFILE | COMPLAINT E-FILED. | WAT056 |
| 10/29/2011 | 10:41:33 | FILE | FILED THIS DATE: 10/29/2011 (AV01) | AJA |
| 10/29/2011 | 10:41:34 | EORD | E-ORDER FLAG SET TO "N" (AV01) | AJA |
| 10/29/2011 | 10:41:35 | ASSJ | ASSIGNED TO JUDGE: ELISABETH A FRENCH (AV01) | AJA |
| 10/29/2011 | 10:41:36 | STAT | CASE ASSIGNED STATUS OF: ACTIVE (AV01) | AJA |
| 10/29/2011 | 10:41:37 | SCAN | CASE SCANNED STATUS SET TO: N (AV01) | AJA |
| 10/29/2011 | 10:41:38 | TDMJ | JURY TRIAL REQUESTED (AV01) | AJA |
| 10/29/2011 | 10:41:39 | ORIG | ORIGIN: INITIAL FILING (AV01) | AJA |
| 10/29/2011 | 10:41:40 | C001 | C001 PARTY ADDED: DERIEUX SUSAN (AV02) | AJA |
| 10/29/2011 | 10:41:41 | ATTY | LISTED AS ATTORNEY FOR C001: WATTS JOHN GRIFFIN | AJA |

| | | | | |
|---|---|---|---|---|
| 10/29/2011 | 10:41:42 | ATTY | LISTED AS ATTORNEY FOR C001: HERRING MYLES STANLE | AJA |
| 10/29/2011 | 10:41:43 | EORD | C001 E-ORDER FLAG SET TO "N" (AV02) | AJA |
| 10/29/2011 | 10:41:46 | D001 | D001 PARTY ADDED: NATIONAL CREDIT ADJUSTERS, LLC | AJA |
| 10/29/2011 | 10:41:47 | ATTY | LISTED AS ATTORNEY FOR D001: PRO SE (AV02) | AJA |
| 10/29/2011 | 10:41:48 | SUMM | CERTIFIED MAI ISSUED: 10/29/2011 TO D001 (AV02) | AJA |
| 10/29/2011 | 10:41:49 | EORD | D001 E-ORDER FLAG SET TO "N" (AV02) | AJA |
| 10/29/2011 | 10:41:52 | D002 | D002 PARTY ADDED: SMITH HAYNES & WATSON, LLC(AV02) | AJA |
| 10/29/2011 | 10:41:53 | ATTY | LISTED AS ATTORNEY FOR D002: PRO SE (AV02) | AJA |
| 10/29/2011 | 10:41:54 | SUMM | CERTIFIED MAI ISSUED: 10/29/2011 TO D002 (AV02) | AJA |
| 10/29/2011 | 10:41:55 | EORD | D002 E-ORDER FLAG SET TO "N" (AV02) | AJA |
| 10/29/2011 | 10:42:48 | EFILE | COMPLAINT - SUMMONS | |
| 10/31/2011 | 12:04:56 | SUMM | CERTIFIED MAI ISSUED: 10/31/2011 TO D001 (AV02) | ZEC |
| 10/31/2011 | 12:06:14 | SUMM | CERTIFIED MAI ISSUED: 10/31/2011 TO D002 (AV02) | ZEC |
| 11/07/2011 | 11:47:07 | SERC | SERVICE OF CERTIFIED MAI ON 11/01/2011 FOR D001 | LOH |
| 11/08/2011 | 7:21:34 | SERC | SERVICE OF CERTIFIED MAI ON 11/02/2011 FOR D002 | LOH |

***END OF THE REPORT***

alacourt.com

ELECTRONICALLY FILED
10/29/2011 10:41 AM
CV-2011-903860.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

State of Alabama
Unified Judicial System

Form ARCiv-93 Rev.5/99

# COVER SHEET
# CIRCUIT COURT - CIVIL CASE
(Not For Domestic Relations Cases)

Case Number: 01-CV-201

Date of Filing: 10/29/2011

## GENERAL INFORMATION

**IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA**
**SUSAN DERIEUX v. NATIONAL CREDIT ADJUSTERS, LLC ET AL**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☑ TOXX - Other: FDCPA

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ **INITIAL FILING** A ☐ **APPEAL FROM DISTRICT COURT** O ☐ **OTHER**

R ☐ **REMANDED** T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** ☑ **Yes** ☐ **No**

**RELIEF REQUESTED:** ☑ **MONETARY AWARD REQUESTED** ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:** WAT056 10/29/2011 10:37:13 AM /s/ JOHN GRIFFIN WATTS

**MEDIATION REQUESTED:** ☐ **Yes** ☑ **No** ☐ **Undecided**

ELECTRONICALLY FILED
10/29/2011 10:41 AM
CV-2011-903860.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **SUSAN DERIEUX, an individual,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CASE NUMBER:** |
| | ) | |
| **NATIONAL CREDIT ADJUSTERS, LLC, a Corporation; SMITH HAYNES & WATSON, LLC, a Corporation; FICTITIOUS DEFENDANTS A, B, and C, being that person, entity or individual who attempted to collect a debt from Plaintiff; FICTITIOUS DEFENDANTS D, E, and F, being that person, entity or individual who committed the wrongful acts alleged in the Complaint;** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for her Complaint against the Defendants:

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), out of state law violations and out of the invasions of Plaintiff's personal and financial privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

2. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

   (a) There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts.**

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## PARTIES

3. Plaintiff Susan DeRieux (hereinafter "Plaintiff") is a natural person who is a resident and citizen of Alabama.

4. Defendant National Credit Adjusters, LLC, ("NCA") is a foreign debt collection firm that engages in the business of debt collection. It conducts business in Alabama. Its principal place of business is the State of Kansas and it is incorporated in Kansas.

5. Defendant Smith Haynes & Watson, LLC, ("Smith Haynes") is a foreign debt collection firm that engages in the business of debt collection. It conducts business in Alabama. Its principal place of business is the State of Kansas and it is incorporated in Kansas.

6. Fictitious Defendants "A" through "F" (as set forth in the caption and fully incorporated herein) thereby intending to refer to the legal person, entity or individual who attempted to collect a debt from Plaintiff and who committed the wrongful acts alleged in the Complaint; names of the Fictitious parties are unknown to the Plaintiff at this time but will be added by amendment when ascertained.

7. Any reference to any Defendants, NCA or Smith Haynes also includes all Fictitious Defendants.

## FACTUAL ALLEGATIONS

8. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Plaintiff allegedly owes a pay day loan to Westgate.

10. Plaintiff is a consumer as the term is defined by 15 U.S.C. § 1692a(3).

11. Smith Haynes was allegedly hired by NCA to collect on this loan.

12. Smith Haynes is a debt collector under the FDCPA in its collection efforts against Plaintiff.

13. NCA is a debt collector under the FDCPA in its collection efforts against Plaintiff.

14. On or about September 7, 2011, Smith Haynes sent a collection letter to Plaintiff.

15. NCA directed Smith Haynes to send this collection letter to Plaintiff.

16. NCA approved of this collection letter being sent to Plaintiff.

17. NCA had the opportunity to approve or disapprove of this collection letter before it was sent to Plaintiff.

18. NCA knew of this collection letter before it was sent to Plaintiff.

19. The collection letter states that the Creditor is "National Credit Adjusters: BMG".

20. It states the original creditor is "Westgate Group LLC".

21. It claims the Client number is "151650175338".

22. It claims the Smith Haynes account number is "152088".

23. The balance is stated as "$510.00".

24. The first sentence of the collection letter states "You previously made arrangements to satisfy your financial obligation to National Credit Adjusters: BMG."

25. Plaintiff, as of the time of this letter, had never spoken with NCA.

26. Plaintiff, as of the time of this letter, had never received a letter from NCA.

27. Plaintiff, as of the time of this letter, did not know NCA claimed to have a debt of Plaintiff's.

28. Plaintiff has never made any arrangements to pay any alleged debt with NCA.

29. Plaintiff does not know who or what "BMG" stands for or what it means.

30. The second sentence of the letter states "However, you failed to fulfill your commitment and those terms are now null and void."

31. Plaintiff has never made any commitment to NCA.

32. Plaintiff has never failed to keep any commitment to NCA.

33. There are no terms of any commitment between NCA and Plaintiff.

34. There are no terms to be null and void between NCA and Plaintiff.

35. Smith Haynes is employed by NCA to collect this alleged debt of Plaintiff.

36. The third sentence of the collection letter states "National Credit Adjusters: BMG has employed SHW LLC [Smith Haynes] to recover the outstanding amount owed to them on the above referenced account."

37. On or about Friday, October 28, 2011, at approximately 9:40 am Plaintiff contacted Smith Haynes by calling 888-257-8993.

38. Plaintiff spoke with a man who said his name was Arnell Montague.

39. Arnell Montague admitted that there was nothing in the notes about any "previous payment arrangement with NCA."

40. Arnell Montague put Plaintiff on hold to check with his manager.

41. After checking with his manager, Arnell Montague came back on the line.

42. Arnell Montague told Plaintiff there was no indication of any payment arrangement with NCA.

43. Arnell Montague told Plaintiff the account had been recalled back to NCA.

44. Arnell Montague told Plaintiff that she would need to contact NCA.

45. After the phone call with Smith Haynes and its employee Arnell Montague, Plaintiff called NCA.

46. Plaintiff dialed 888-768-0684.

47. NCA answered the phone and Plaintiff spoke with a woman who identified herself as "Christie".

48. Plaintiff asked Christie about the alleged payment arrangement with NCA.

49. Christie told Plaintiff there has never been a payment arrangement with NCA.

50. Christie told Plaintiff the reason NCA sent the account to Smith Haynes was to obtain payment arrangements.

51. NCA does not own the alleged debt.

52. NCA hired Smith Haynes to collect this debt.

53. NCA approved of Smith Haynes' collection efforts on this debt.

54. NCA knew Plaintiff had made no commitment to NCA.

55. NCA knew it had never communicated with Plaintiff prior to the collection letter of September 7, 2011, from Smith Haynes to Plaintiff.

56. NCA knew Plaintiff had never broken any commitment to NCA.

57. NCA knows that accusing a consumer of breaking a promise to pay is an effective psychological technique to increase the likelihood that the consumer will pay.

58. NCA knows that accusing a consumer of having broken a promise to pay places moral pressure on a consumer to pay.

59. NCA knows that accusing a consumer of having broken a promise to pay is accusing a consumer of lying.

60. NCA knows that accusing a consumer of having broken a promise to pay is the same as calling the consumer a promise breaker.

61. NCA describes itself on its website[1] as "a privately held company founded on wholesome family values and conducts business with respect, dignity, and fairness."

62. NCA says on its website that "NCA employs some of the industry's most experienced professionals while maintaining the highest standards of compliance."

63. NCA says on its website "NCA is working with the FBI to resolve the Pay Day Loan Collection Scam please click the menu item 'FBI Scam Alert for further information'."

64. NCA is not working with the FBI on the collection scam issue.

65. NCA has sent out letters to alleged debtors of pay day loans that they should be careful of collection agencies demanding payment of pay day loans.

66. NCA has also said in these letters that if the consumers pay a scammer, the consumers will still be responsible for paying NCA for the pay day loan.

[1] All references to the website of NCA and to the website of Smith Haynes are from pages accessed on October 28, 2011, and are saved as PDFs. If NCA and/or Smith Haynes or their counsel claim to not know if these statements have been made, the PDFs are available by simply requesting them from Plaintiff's counsel so there is no need for the Answers of NCA and/or Smith Haynes to say that they can neither confirm nor deny the fact and therefore it is denied or any other similar boiler plate language that is in vogue right now in debt collector answers.

67. NCA recognizes that there is a problem of bogus collection companies collecting pay day loans.

68. NCA recognizes that there is a problem of scam collection companies collecting pay day loans.

69. NCA recognizes that there is a problem of false representations being made by collection companies collecting pay day loans.

70. NCA believes consumers should not do business with any collection agency that will lie in the collection of a pay day loan.

71. NCA believes consumers who choose to pay a collection agency that lies about pay day loans, do so at the consumers' risk.

72. Smith Haynes knew Plaintiff had made no commitment to NCA.

73. Smith Haynes knew NCA had never communicated with Plaintiff prior to the collection letter of September 7, 2011, from Smith Haynes to Plaintiff.

74. Smith Haynes knew Plaintiff had never broken any commitment to NCA.

75. Smith Haynes knows that accusing a consumer of breaking a promise to pay is an effective psychological technique to increase the likelihood that the consumer will pay.

76. Smith Haynes knows that accusing a consumer of having broken a promise to pay places moral pressure on a consumer to pay.

77. Smith Haynes knows that accusing a consumer of having broken a promise to pay is accusing a consumer of lying.

78. Smith Haynes knows that accusing a consumer of having broken a promise to pay is the same as calling the consumer a promise breaker.

79. Smith Haynes, on its website, says "we use the latest technological innovations, collection agency programs, and highly skilled professionals to change the way that subprime collection agencies operate."

80. Smith Haynes says on its website "Our high success rate and level of client satisfaction stems from the standard of persuasiveness, persistence and professionalism to which we hold our collectors."

81. Smith Haynes says on its website "Our methods lead to faster collections and strictly adhere to fair practices while giving you full transparency at every step. With Smith Haynes & Watson's 'Real Access' you have uninterrupted access to real-time status & performance reports and consumer account access to update balances or even to add a new note to the account."

82. Smith Haynes says on its website that two of the unique benefits it provides to clients and consumers include "Collection letters, Emails & SMS text messages" and "Internal auditing to ensure compliance with strict regulations."

83. In describing its fee arrangement with clients, Smith Haynes says on its website "Because our fee consists of a percentage of the debt successfully collected, it is in our best interest to collect as much of the outstanding debt as possible."

84. Smith Haynes proclaims on its website that "We strictly adhere to the Fair Debt Collection Practices Act of 1977 (FDCPA)."

85. Smith Haynes recognizes that there is a problem of bogus collection companies collecting pay day loans.

86. Smith Haynes recognizes that there is a problem of scam collection companies collecting pay day loans.

87. Smith Haynes recognizes that there is a problem of false representations being made by collection companies collecting pay day loans.

88. Smith Haynes believes consumers should not do business with any collection agency that will lie in the collection of a pay day loan.

89. Smith Haynes believes consumers who choose to pay a collection agency that lies about pay day loans, do so at the consumers' risk.

90. NCA has not apologized to Plaintiff.

91. Smith Haynes has not apologized to Plaintiff.

92. NCA has no intention of apologizing to Plaintiff.

93. Smith Haynes has no intention of apologizing to Plaintiff.

94. NCA has refused to give all required disclosures under the FDCPA when communicating with Plaintiff.

95. Smith Haynes has refused to give all required disclosures under the FDCPA when communicating with Plaintiff.

96. NCA is a debt collector under 15 U.S.C. § 1692a(6).

97. Smith Haynes is a debt collector under 15 U.S.C. § 1692a(6).

98. NCA and/or Smith Haynes have made one or more collection calls to Plaintiff's work phone and/or cell phone.

## SUMMARY

99. All of the above-described collection communications made to Plaintiff by NCA and Smith Haynes and collection agents of NCA and Smith Haynes were made in violation of the FDCPA.

100. NCA and Smith Haynes violated numerous sections of the FDCPA, including, but not limited to: 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692g.

101. The above-detailed conduct by NCA and Smith Haynes of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy and resulted in actual damages to the Plaintiff.

102. The above detailed conduct by NCA and Smith Haynes reflect their knowledge and appreciation for the harm that would naturally and likely happen to Plaintiff and with full knowledge thereof that NCA and Smith Haynes willfully, maliciously, recklessly, and/or negligently undertook their actions and it was successful in causing the harm to the Plaintiff that NCA and Smith Haynes wanted to cause.

103. The collection activities by NCA and Smith Haynes and their agents caused Plaintiff stress and anguish.

104. NCA and Smith Haynes's repeated attempts to collect this debt from Plaintiff and refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

105. Plaintiff has suffered actual damages as a result of these illegal collection communications by NCA and Smith Haynes in the form of monetary loss, anger, anxiety, emotional distress, fear, frustration, damage to reputation, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy, which was due to the illegal conduct of NCA and Smith Haynes.

106. The only way that abusive debt collectors like NCA and Smith Haynes will stop their abusive practices towards consumers is by a jury verdict fully compensating Plaintiff for the harm done to Plaintiff and by a punitive damage award.

107. A punitive damage award will get the attention of NCA and Smith Haynes and other abusive debt collectors so that they will realize that it no longer makes economic sense to abuse consumers and to gain an unfair competitive advantage over honorable, law abiding collectors.

108. A full compensatory damage award and a full punitive damage award will accomplish the goals of Congress in passing the FDCPA - stop abusive collection practices against consumers and prevent dishonorable debt collectors from having an unfair advantage over collectors that operate within the boundaries of the law.

**RESPONDEAT SUPERIOR LIABILITY**

109. The acts and omissions of NCA and Smith Haynes's agents who communicated with Plaintiff as more further described herein, were committed within the line and scope of their agency relationship with their principal NCA and Smith Haynes.

110. The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by NCA and Smith Haynes in collecting consumer debts.

111. By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal the NCA and Smith Haynes.

112. NCA hired Smith Haynes to collect the alleged debt.

113. Smith Haynes acted as an agent for NCA.

114. NCA is responsible for the wrongful acts of Smith Haynes related to Plaintiff.

115. NCA and Smith Haynes are therefore liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

116. NCA and Smith Haynes negligently and/or wantonly and/or hired, retained, trained or supervised incompetent debt collectors and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

117. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

118. The acts and omissions of NCA and Smith Haynes and their agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff including, but not limited to the following: 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692g.

119. As a result of NCA and Smith Haynes's violations of the FDCPA, Plaintiff is entitled to statutory damages; actual and compensatory damages; and reasonable attorney's fees, expenses and costs, from NCA and Smith Haynes.

## COUNT II.

## INVASION OF PRIVACY

120. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

121. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and NCA and Smith Haynes violated Alabama state law as described in this Complaint.

122. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

123. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

124. NCA and Smith Haynes and/or their agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

125. NCA and Smith Haynes and their agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

126. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

127. The conduct of NCA and Smith Haynes and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by NCA and Smith Haynes which occurred in a way that would be highly offensive to a reasonable person in that position.

128. The conduct of NCA and Smith Haynes went beyond the bounds of reasonableness in the collection of the alleged debt for all of the reasons asserted in this Complaint and based upon the evidence which will be presented at trial.

129. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from NCA and Smith Haynes.

130. All acts of NCA and Smith Haynes and their agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such NCA and Smith Haynes are subject to punitive damages.

## COUNT III.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

131. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

132. NCA and Smith Haynes negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law

as was done to Plaintiff, and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

133. Had NCA and Smith Haynes hired competent debt collectors, the violations described in this Complaint would not have occurred.

134. Had NCA and Smith Haynes properly trained and/or supervised the debt collectors, the violations described in this Complaint would not have occurred.

135. NCA and Smith Haynes carried out its hiring, supervision and training activities in a negligent manner and also in a reckless, malicious, and/or intentional manner.

136. NCA and Smith Haynes knew that the actions it was taking against the Plaintiff would likely, and certainly, cause the exact type of injuries and damages that Plaintiff suffered at the hands of NCA and Smith Haynes.

**COUNT IV**

**NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT**

137. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

138. NCA and Smith Haynes owe a duty to anyone they come in contact with to act reasonably so as to not unreasonably cause harm.

139. NCA and Smith Haynes owe a duty to consumers against whom it is collecting to act reasonably.

140. All of the actions described in this Complaint demonstrate that NCA and Smith Haynes did not act reasonably towards the Plaintiff.

141. NCA and Smith Haynes, by its described conduct, breached its duty to act reasonably towards Plaintiff.

142. NCA and Smith Haynes proximately caused injuries and damages to Plaintiff which were of the precise nature that NCA and Smith Haynes anticipated causing when they breached their duty to act reasonably.

143. NCA and Smith Haynes knew, or should have known, that their conduct was likely to lead to the Plaintiff's injuries yet it acted despite this knowledge.

144. NCA and Smith Haynes acted with full knowledge and with the design and intent to cause harm to Plaintiff.

145. NCA and Smith Haynes was successful in their design, intent, and plan to cause harm to Plaintiff and this is the corporate policy of NCA and Smith Haynes when dealing with consumers who do not pay debts that NCA and Smith Haynes allege are owed.

146. NCA and Smith Haynes acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

147. NCA and Smith Haynes violated all of the duties NCA and Smith Haynes had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

148. It was foreseeable, and NCA and Smith Haynes did in fact foresee it, the actions of the NCA and Smith Haynes would lead and did lead to the exact type of harm suffered by Plaintiff.

149. NCA and Smith Haynes acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

150. NCA and Smith Haynes invaded the privacy of Plaintiff as set forth in Alabama law.

151. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

152. As a result of this conduct, action, and inaction of NCA and Smith Haynes, Plaintiff has suffered damage as set forth in this Complaint.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.**

- for an award of actual damages against Defendants;
- for an award of statutory damages against Defendants;
- for an award of costs of litigation, expenses and reasonable attorney's fees against Defendants; and
- for such other and further relief as may be just and proper.

**COUNT II.**

**INVASION OF PRIVACY**

- for an award of actual damages from NCA and Smith Haynes for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent state law violations in an amount to be determined at trial for Plaintiff;
- punitive damages; and
- for such other and further relief as may be just and proper.

## COUNT III.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

- for an award of actual damages from NCA and Smith Haynes for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;
- punitive damages; and
- for such other and further relief as may be just and proper.

## COUNT IV.

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

- for an award of actual damages from NCA and Smith Haynes for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;
- punitive damages; and
- for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts

**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
**Attorneys for Plaintiff**

**OF COUNSEL:**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendant via certified mail at the following address:**

National Credit Adjusters, LLC
c/o National Registered Agents, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Smith Haynes & Watson, LLC
c/o National Registered Agents, Inc. of KS
2101 SW 21st Street
Topeka, Kansas 66604

ELECTRONICALLY FILED
10/29/2011 10:41 AM
CV-2011-903860.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **SUSAN DERIEUX, an individual,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CASE NUMBER:** |
| | ) | |
| **NATIONAL CREDIT ADJUSTERS, LLC;** | ) | |
| **SMITH HAYNES & WATSON, LLC, et al.;** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

---

**PLAINTIFF'S INTERROGATORIES, REQUESTS FOR ADMISSION, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR PRODUCTION OF STATEMENTS TO ALL DEFENDANTS**

---

**PLEASE TAKE NOTICE** that pursuant to the Rules of Civil Procedure, Plaintiff propounds the following discovery interrogatories and requests:

## INSTRUCTIONS

Any references to "Defendant", "Defendants", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate. As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following interrogatories or discovery requests, the Defendants shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Defendants shall state the legal basis for the privilege Defendants are invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Rules of Civil Procedure, and Defendants are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiffs' counsel.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendants, which Defendants have knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal

comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

a. The date of the document;

b. The type of document;

c. The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

d. The name of the employer or principal whom the signers, addressers and preparers were representing;

e. The present location of the document;

f. The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g. A summary of the contents of the document; and

h. If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiff requests that the documents be made available for this inspection at the offices of counsel for Plaintiff at **The Kress Building 301 Nineteenth Street North, Birmingham, Alabama 35203**.

These interrogatories and discovery requests are intended to cover all documents in Defendants' possession, or subject to their custody and control, regardless of location. If there are no such documents, please so state. If there are such documents, please list and mark appended documents responsive to each request. (Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered upon Defendants entire knowledge from all sources and all information in Defendants' possession or otherwise available to Defendant, including information from Defendants' officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, Defendants shall state specifically the terms of each qualification and the reasons for it. If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

Unless otherwise stated all discovery requests cover a time period of three (3) years prior to the filing of the suit to the day the Defendant responds to the discovery.

## INTERROGATORIES

**Pursuant to Rule 33 of the Rules of Civil Procedure, Plaintiff requests that Defendant(s) answer, under oath, the following interrogatories:**

1. Identify all documents, witnesses, and facts that relate to your affirmative defense of "bona fide error" under the FDCPA.

2. Identify all documents, witnesses, and facts that relate in any way to each and every affirmative defense pled in your answer or any amendment thereto.

3. Identify and describe each communication, or attempted communication, between the Defendants and the Plaintiff, or any other person, which is in any way related to the Plaintiff's alleged debt, by stating the following:

   a. The name of the individual initiating communication;

   b. The name of the person and/or description of the person to whom the communication was directed;

   c. The date and time of the communication;

   d. The method of the communication (e.g. letter, phone call, in-person, autodialer, pre-recorded message, predictive dialer, etc);

   e. A detailed description of the substance of the communication, (do not simply refer to collection notes);

   f. Identification of all witnesses to or participants in the communication; and,

   g. Any actions taken by any Defendant as a result of the communication.

4. Identify all lawsuits brought against Defendants at any time arising out its collection or attempted collection activities, and for any reason, by supplying the correct legal caption, the court file number, the jurisdiction, the date of filing, and the final disposition or current status.

5. Identify and describe all documents, manuals, instructions, checklists, memorandum, restrictions or other documentation or instructions that Defendants or Defendant's employees or agents are given, read, review, or otherwise use, regarding the collection of debts.

6. For each individual person, officer, employee, agent, or other entity answering or providing any information used by Defendants to answer any Interrogatory, state the following:

   a. First, last, and middle legal name;

   b. All DBA, fake, or alias name(s) used by this person;

   c. Job title or capacity;

   d. Business address and telephone number;

   e. Home address and telephone number;

   f. Age;

7. Identify each document referred to or consulted by Defendants in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.

8. Identify all persons known to Defendants to have personal knowledge of any facts or issues involved in this lawsuit, state the following:

   a. First, last, and middle legal name;

   b. All DBAs, fake, or alias name(s) used by this person;

   c. Job title or capacity;

   d. Business address and telephone number;

   e. Home address and telephone number;

   f. Age;

   g. State the general substance of each person's knowledge.

9. Identify and describe with particularity all training that Defendants provide or receive, in the area of debt collection activities, including but not limited to:

   a. The training content, timing, and duration;

   b. All documents and audio or visual materials used in such training; and

   c. Each person involved in providing such training.

10. Identify and describe Defendants' disciplinary policy/policies for violating state and federal debt collection laws, and for violating other state or federal laws in the course of collecting debts of any kind.

11. Identify and describe any and all documents that describe, record, or establish Defendants' methods and techniques used to collect debts.

12. Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that Defendants use, maintain, or operate to record any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with any person in connection with the collection of accounts, and Defendants' policies and procedures for operating such a system of records.

13. Identify whether any or all of the Defendants electronically record telephone calls by any means with any persons and what steps are taken to preserve these recordings.

14. Identify whether any or all of the Defendants recorded any telephone call with the Plaintiffs and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

15. Identify the original creditor of the alleged debt that Defendants were trying to collect from Plaintiff and provide the original creditor's full legal name, address, city, state and zip code, and telephone number.

16. Explain in detail, and produce all documents, what level of access did NCA have to the account and collection activities of Smith Haynes with respect to the account and collection activities directed towards Plaintiff.

17. In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the debt allegedly owed by Plaintiff was originated, referred, placed or otherwise assigned to the Defendants for collection, identifying all documents relevant to, related to, or reflecting such referral, placement or assignment.

18. Identify the business name, address, and telephone number of all persons, companies, corporations, or other entities who provided local or long distance telephone services of any kind to Defendants' business, as well as identifying the telephone numbers and account numbers for each such local and long distance service provider.

19. Identify every single local or long distance telephone number used by Defendants in the course of their business/businesses or otherwise which is used, accessible, or made available at any time, to any employee, as well as identifying account numbers for each such local and long distance service provider.

20. Identify the full legal name, address, telephone, position, and title of all former employees of Defendants who in any manner were involved with the account of the Plaintiff.

21. Identify all legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, Better Business Bureau, Commerce Department, or other regulatory complaints made against Defendants or their collection employees at any time arising out its collection or attempted collection activities, and for any reason, by supplying

the correct caption (if any), the name(s) of the complaining party, the file number, the jurisdiction, the date of filing, and the final disposition or current status of the claim, complaint or proceeding.

22. If you claim any act of Smith Haynes was outside the line and scope of its agency and/or employment relationship with NCA, describe in detail each such act and specifically how it was outside the line and scope.

23. If any act of Smith Haynes was not authorized by NCA, describe in detail how each such act was not authorized.

24. Explain in detail how NCA is working with the FBI on any payday scam collection problem or issue.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**Pursuant to Rule 34 of the Alabama Rules of Civil Procedure, Plaintiff requests that Defendant produce within thirty (30) days, the documents described herein and permit Plaintiffs and their attorneys to inspect and copy such documents as they may desire:**

1. Any and all documents identified, consulted, reviewed or referred to in Response to all sets of Plaintiffs' Interrogatories, Request for Admissions, and Requests for Statements. Any and all documents relating in any manner to your affirmative defense of bona fide error.

2. Any and all documents relating to any affirmative defense.

3. Any and all documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendants' employees and agents in any and all of the following areas:

   a. Collection policies;

b. Collection procedures;

c. Collection methods;

d. Collection techniques;

e. Collection tactics;

f. Collection rules;

g. Collection regulations; and

h. Compliance with local, state, or federal laws, codes, or regulations.

4. Any and all training, personnel, or other instruction manuals used by any and all collection personnel who are employed by or who are agents of Defendants or supervised by Defendants.

5. Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system, electronic device, or non-electronic device used in any manner by Defendants in collecting debts. Any and all documents related to or evidencing any and all lawsuits, legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, to which any Defendant has been named as a witness or a party, that have existed or been brought with respect to or involving any Defendant, and which involved as all or part of their subject matter debt collection activities.

6. Any and all personnel files, human resource department records, employment files, and other documents including but not limited to all disciplinary notices, performance appraisals, written or verbal reprimands, incident reports, job applications, résumés, memos, and or electronic recordings of collection communications that were the subject

of private or other complaints by any person, for every Defendant, person, employee, agent, assignee who collected or attempted to collect the alleged debt from the Plaintiff or Plaintiff's wife.

7. Copies of any and all state-issued collection agency license(s) issued to any Defendant for the states in which Defendant is located and for the state in which Plaintiff resides. Any and all documents in the possession or control of the Defendants which any Defendant claims are in any way relevant to the subject matter of the instant lawsuit. Any and all documents or recordings documenting, or otherwise tracking Defendants' attempts to collect a debt from Plaintiffs, including but not limited to:

   a. Records of all inbound or outbound telephone calls, to or from any Plaintiff;

   b. Records of all inbound or outbound United States mail, to or from any Plaintiff.

   c. Records of all other inbound or outbound communication of whatever kind, to or from any Plaintiff.

8. Any and all printouts computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendants to collect debts, which include any Plaintiff's name, address, telephone number(s), account number, or any other information which is personally identifiable to any Plaintiff.

9. A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

10. Exemplars of any and all orientation, new hire, or any other manual given to natural persons employed by any Defendant to collect debts at the commencement of that person's employment.

11. Exemplars of any and all documents of whatever kind given to natural persons employed by any Defendant to collect debts at the commencement of that person's employment.

## REQUEST FOR PRODUCTION OF STATEMENTS

**Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff demands that copies of the following be made available within thirty (30) days:**

1. All statements made by parties and non-parties, which are in the possession or control of any Defendant(s), concerning the above action or its subject matter.

## REQUEST FOR ADMISSIONS

**Pursuant to the Rules of Civil Procedure the Plaintiff demands that the following be admitted or denied:**

1. The debt being collected is a consumer debt as defined by the FDCPA.
2. You are a "debt collector" as defined by the FDCPA in regards to your collection efforts against Plaintiff.
3. You understand you cannot make any misrepresentation to the Plaintiff in your debt collection activities.
4. Smith Haynes was hired by NCA to collect on this loan.
5. On or about September 7, 2011, Smith Haynes sent a collection letter to Plaintiff.
6. NCA directed Smith Haynes to send this collection letter to Plaintiff.
7. NCA approved of this collection letter being sent to Plaintiff.

8. NCA had the opportunity to approve or disapprove of this collection letter before it was sent to Plaintiff.

9. NCA knew of this collection letter before it was sent to Plaintiff.

10. The collection letter states that the Creditor is "National Credit Adjusters: BMG".

11. It states the original creditor is "Westgate Group LLC".

12. It claims the Client number is "151650175338".

13. It claims the Smith Haynes account number is "152088".

14. The balance is stated as "$510.00".

15. The first sentence of the collection letter states "You previously made arrangements to satisfy your financial obligation to National Credit Adjusters: BMG."

16. Plaintiff, as of the time of this letter, had never spoken with NCA.

17. Plaintiff, as of the time of this letter, had never received a letter from NCA.

18. Plaintiff, as of the time of this letter, did not know NCA claimed to have a debt of Plaintiff's.

19. Plaintiff has never made any arrangements to pay any alleged debt with NCA.

20. Plaintiff does not know who or what "BMG" stands for or what it means.

21. The second sentence of the letter states "However, you failed to fulfill your commitment and those terms are now null and void."

22. Plaintiff has never made any commitment to NCA.

23. Plaintiff has never failed to keep any commitment to NCA.

24. There are no terms of any commitment between NCA and Plaintiff.

25. There are no terms to be null and void between NCA and Plaintiff.

26. Smith Haynes is employed by NCA to collect this alleged debt of Plaintiff.

27. The third sentence of the collection letter states "National Credit Adjusters: BMG has employed SHW LLC [Smith Haynes] to recover the outstanding amount owed to them on the above referenced account."

28. On or about Friday, October 28, 2011, at approximately 9:40 am Plaintiff contacted Smith Haynes by calling 888-257-8993.

29. 888-257-8993 is a phone number to reach Smith Haynes.

30. Plaintiff spoke with a man who said his name was Arnell Montague.

31. Arnell Montague admitted that there was nothing in the notes about any "previous payment arrangement with NCA."

32. Arnell Montague put Plaintiff on hold to check with his manager.

33. After checking with his manager, Arnell Montague came back on the line.

34. Arnell Montague told Plaintiff there was no indication of any payment arrangement with NCA.

35. Arnell Montague told Plaintiff the account had been recalled back to NCA.

36. Arnell Montague told Plaintiff that she would need to contact NCA.

37. After the phone call with Smith Haynes and its employee Arnell Montague, Plaintiff called NCA.

38. 888-768-0684 is a phone number to reach NCA.

39. NCA answered the phone and Plaintiff spoke with a woman who identified herself as "Christie".

40. Plaintiff asked Christie about the alleged payment arrangement with NCA.

41. Christie told Plaintiff there has never been a payment arrangement with NCA.

42. Christie told Plaintiff the reason NCA sent the account to Smith Haynes was to obtain payment arrangements.

43. NCA does not own the alleged debt.

44. NCA hired Smith Haynes to collect this debt.

45. NCA approved of Smith Haynes' collection efforts on this debt.

46. NCA knew Plaintiff had made no commitment to NCA.

47. NCA knew it had never communicated with Plaintiff prior to the collection letter of September 7, 2011, from Smith Haynes to Plaintiff.

48. NCA knew Plaintiff had never broken any commitment to NCA.

49. NCA knows that accusing a consumer of breaking a promise to pay is an effective psychological technique to increase the likelihood that the consumer will pay.

50. NCA knows that accusing a consumer of having broken a promise to pay places moral pressure on a consumer to pay.

51. NCA knows that accusing a consumer of having broken a promise to pay is accusing a consumer of lying.

52. NCA knows that accusing a consumer of having broken a promise to pay is the same as calling the consumer a promise breaker.

53. NCA describes itself on its website[1] as "a privately held company founded on wholesome family values and conducts business with respect, dignity, and fairness."

[1] All references to the website of NCA and to the website of Smith Haynes are from pages accessed on October 28, 2011, and are saved as PDFs. If NCA and/or Smith Haynes or their counsel claim to not know if these statements have been made, the PDFs are available by simply requesting them from Plaintiff's counsel so there is no need for the answers of NCA and/or Smith Haynes to these request for admissions to say that they can neither confirm nor deny the fact and therefore it is denied or any other similar boiler plate language that is in vogue right now in debt collector answers to discovery requests.

54. NCA says on its website that "NCA employs some of the industry's most experienced professionals while maintaining the highest standards of compliance."

55. NCA says on its website "NCA is working with the FBI to resolve the Pay Day Loan Collection Scam please click the menu item 'FBI Scam Alert for further information'."

56. NCA is not working with the FBI on the collection scam issue.

57. NCA has sent out letters to alleged debtors of pay day loans that they should be careful of collection agencies demanding payment of pay day loans.

58. NCA has also said in these letters that if the consumers pay a scammer, the consumers will still be responsible for paying NCA for the pay day loan.

59. NCA recognizes that there is a problem of bogus collection companies collecting pay day loans.

60. NCA recognizes that there is a problem of scam collection companies collecting pay day loans.

61. NCA recognizes that there is a problem of false representations being made by collection companies collecting pay day loans.

62. NCA believes consumers should not do business with any collection agency that will lie in the collection of a pay day loan.

63. NCA believes consumers who choose to pay a collection agency that lies about pay day loans, do so at the consumers' risk.

64. Smith Haynes knew Plaintiff had made no commitment to NCA.

65. Smith Haynes knew NCA had never communicated with Plaintiff prior to the collection letter of September 7, 2011, from Smith Haynes to Plaintiff.

66. Smith Haynes knew Plaintiff had never broken any commitment to NCA.

67. Smith Haynes knows that accusing a consumer of breaking a promise to pay is an effective psychological technique to increase the likelihood that the consumer will pay.

68. Smith Haynes knows that accusing a consumer of having broken a promise to pay places moral pressure on a consumer to pay.

69. Smith Haynes knows that accusing a consumer of having broken a promise to pay is accusing a consumer of lying.

70. Smith Haynes knows that accusing a consumer of having broken a promise to pay is the same as calling the consumer a promise breaker.

71. Smith Haynes, on its website, says "we use the latest technological innovations, collection agency programs, and highly skilled professionals to change the way that subprime collection agencies operate."

72. Smith Haynes says on its website "Our high success rate and level of client satisfaction stems from the standard of persuasiveness, persistence and professionalism to which we hold our collectors."

73. Smith Haynes says on its website "Our methods lead to faster collections and strictly adhere to fair practices while giving you full transparency at every step. With Smith Haynes & Watson's 'Real Access' you have uninterrupted access to real-time status & performance reports and consumer account access to update balances or even to add a new note to the account."

74. Smith Haynes says on its website that two of the unique benefits it provides to clients and consumers include "Collection letters, Emails & SMS text messages" and "Internal auditing to ensure compliance with strict regulations."

75. In describing its fee arrangement with clients, Smith Haynes says on its website "Because our fee consists of a percentage of the debt successfully collected, it is in our best interest to collect as much of the outstanding debt as possible."

76. Smith Haynes proclaims on its website that "We strictly adhere to the Fair Debt Collection Practices Act of 1977 (FDCPA)."

77. Smith Haynes recognizes that there is a problem of bogus collection companies collecting pay day loans.

78. Smith Haynes recognizes that there is a problem of scam collection companies collecting pay day loans.

79. Smith Haynes recognizes that there is a problem of false representations being made by collection companies collecting pay day loans.

80. Smith Haynes believes consumers should not do business with any collection agency that will lie in the collection of a pay day loan.

81. Smith Haynes believes consumers who choose to pay a collection agency that lies about pay day loans, do so at the consumers' risk.

82. NCA has not apologized to Plaintiff.

83. Smith Haynes has not apologized to Plaintiff.

84. NCA has no intention of apologizing to Plaintiff.

85. Smith Haynes has no intention of apologizing to Plaintiff.

86. NCA has refused to give all required disclosures under the FDCPA when communicating with Plaintiff.

87. Smith Haynes has refused to give all required disclosures under the FDCPA when communicating with Plaintiff.

88. You admit the first sentence of the September 7, 2011 collection letter is a misrepresentation.

89. You admit the first sentence of the September 7, 2011 collection letter is untrue.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
**Attorneys for Plaintiff**

**OF COUNSEL:**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**SERVE WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
10/29/2011 10:41 AM
CV-2011-903860.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **SUSAN DERIEUX, an individual,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CASE NUMBER:** |
| | ) | |
| **NATIONAL CREDIT ADJUSTERS, LLC; SMITH HAYNES & WATSON, LLC; FICTITIOUS DEFENDANTS A, B, and C, being that person, entity or individual who attempted to collect a debt from Plaintiff; FICTITIOUS DEFENDANTS D, E, and F, being that person, entity or individual who committed the wrongful acts alleged in the Complaint;** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

**NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF SMITH HAYNES & WATSON, LLC BY VIDEO AND/OR OTHER LAWFUL MEANS**

Take notice, that the Plaintiff will take the deposition (by video and/or other allowable means under the law) of the following entities or individuals pursuant to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition. The deposition will continue until completed.

**DEPONANT:** **Corporate Representative of Smith Haynes & Watson, LLC**

**DATE:** **February 29, 2012**

**TIME:** **9:00 a.m.**

**PLACE:** **Watts & Herring, LLC**
**The Kress Building**
**301 19th Street North**
**Birmingham, AL 35203**

**Please note that pursuant to the Rules of Civil Procedure 30(b)(5) & (6), this corporate Defendant must designate an individual to testify as to the following matters:**

1. The Defendant's investigation into the claims made by Plaintiff in her Complaint;

2. The methods, practices, techniques and strategies used by Defendant in training collection their collection employees;

3. The collection methods, practices, techniques and strategies used by Defendant in its efforts to collect debts from any person;

4. The management, supervision, and discipline of all Defendant's and its collection employees;

5. The details and contents of all Defendant's personnel files of any person who was involved in any collection activities related to Plaintiff's alleged account;

6. The use of alias names by any Defendant and or employee of any Defendant in the collection of accounts;

7. All documentation methods, if any, whether computerized, manual, or other, of all activities undertaken by the Defendant or its employees or agents related to the collection of accounts;

8. The collection account records and notes pertaining to the alleged debt which was being collected by Defendant from Plaintiff and which is the subject matter of this lawsuit;

9. The telephone system(s), local and long distance services used by Defendant's and its collection employees and agents in the course of their business or in the course of collecting accounts;

10. The phone systems of Defendant and any monitoring and recording of telephone calls;

11. The telephone system(s), local and long distance services used by Defendant and its employees or agents in the course of their business or in the course of collecting accounts;

12. The long distance telephone provider used to make calls relating to the herein account;

13. The factual basis for the Defendant's Answer;

14. The factual basis for the Defendant's defenses contained in their Answer;

15. The maintenance of procedures by Defendant to avoid violations of the Fair Debt Collection Practices Act;

16. The Defendant's compliance with the Fair Debt Collection Practices Act in its collection businesses;

17. All documents produced to Plaintiff by Defendant in the course of this case.

18. The general nature of the Defendant's businesses;

19. The history, specific details, and resolution of any formal and informal consumer-initiated complaints, Better Business Bureau Complaints, lawsuits, regulatory actions, claims, litigations, mediations, arbitrations, Commerce department actions, or other actions, legal or otherwise, connected to or arising out of Defendants' consumer debt collection activities, in the period from three (3) years prior to the date of this notice to the present.

**DUCES TECUM**

**PLEASE TAKE FURTHER NOTICE** that, the designated representative(s) of Defendant must bring the following documents with them to the deposition:

1. All documents responsive to the Request for Production of Documents and documents related to the topics referenced above.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
**Attorneys for Plaintiff**

**OF COUNSEL:**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
10/29/2011 10:41 AM
CV-2011-903860.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **SUSAN DERIEUX, an individual,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CASE NUMBER:** |
| | ) | |
| **NATIONAL CREDIT ADJUSTERS, LLC; SMITH HAYNES & WATSON, LLC; FICTITIOUS DEFENDANTS A, B, and C, being that person, entity or individual who attempted to collect a debt from Plaintiff; FICTITIOUS DEFENDANTS D, E, and F, being that person, entity or individual who committed the wrongful acts alleged in the Complaint;** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

**NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF NATIONAL CREDIT ADJUSTERS, LLC BY VIDEO AND/OR OTHER LAWFUL MEANS**

Take notice, that the Plaintiff will take the deposition (by video and/or other allowable means under the law) of the following entities or individuals pursuant to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition. The deposition will continue until completed.

**DEPONANT:** **Corporate Representative of National Credit Adjusters, LLC**

**DATE:** **February 28, 2012**

**TIME:** **9:00 a.m.**

**PLACE:** **Watts & Herring, LLC**
**The Kress Building**
**301 19th Street North**
**Birmingham, AL 35203**

**Please note that pursuant to the Rules of Civil Procedure 30(b)(5) & (6), this corporate Defendant must designate an individual to testify as to the following matters:**

1. The Defendant's investigation into the claims made by Plaintiff in her Complaint;

2. The methods, practices, techniques and strategies used by Defendant in training collection their collection employees;

3. The collection methods, practices, techniques and strategies used by Defendant in its efforts to collect debts from any person;

4. The management, supervision, and discipline of all Defendant's and its collection employees;

5. The details and contents of all Defendant's personnel files of any person who was involved in any collection activities related to Plaintiff's alleged account;

6. The use of alias names by any Defendant and or employee of any Defendant in the collection of accounts;

7. All documentation methods, if any, whether computerized, manual, or other, of all activities undertaken by the Defendant or its employees or agents related to the collection of accounts;

8. The collection account records and notes pertaining to the alleged debt which was being collected by Defendant from Plaintiff and which is the subject matter of this lawsuit;

9. The telephone system(s), local and long distance services used by Defendant's and its collection employees and agents in the course of their business or in the course of collecting accounts;

10. The phone systems of Defendant and any monitoring and recording of telephone calls;

11. The telephone system(s), local and long distance services used by Defendant and its employees or agents in the course of their business or in the course of collecting accounts;

12. The long distance telephone provider used to make calls relating to the herein account;

13. The factual basis for the Defendant's Answer;

14. The factual basis for the Defendant's defenses contained in their Answer;

15. The maintenance of procedures by Defendant to avoid violations of the Fair Debt Collection Practices Act;

16. The Defendant's compliance with the Fair Debt Collection Practices Act in its collection businesses;

17. All documents produced to Plaintiff by Defendant in the course of this case.

18. The general nature of the Defendant's businesses;

19. The history, specific details, and resolution of any formal and informal consumer-initiated complaints, Better Business Bureau Complaints, lawsuits, regulatory actions, claims, litigations, mediations, arbitrations, Commerce department actions, or other actions, legal or otherwise, connected to or arising out of Defendants' consumer debt collection activities, in the period from three (3) years prior to the date of this notice to the present.

**DUCES TECUM**

**PLEASE TAKE FURTHER NOTICE** that, the designated representative(s) of Defendant must bring the following documents with them to the deposition:

1. All documents responsive to the Request for Production of Documents and documents related to the topics referenced above.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
**Attorneys for Plaintiff**

**OF COUNSEL:**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

| State of Alabama<br>Unified Judicial System<br><br>Form C-34 Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2011-903860.00 |
|---|---|---|

IN THE CIVIL COURT OF JEFFERSON, ALABAMA
SUSAN DERIEUX V. NATIONAL CREDIT ADJUSTERS, LLC ET AL

NOTICE TO NATIONAL CREDIT ADJUSTERS, LLC, C/O NATL REG. AGENTS, INC 150 S. PERRY STREET, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 301 19th Street North, BIRMINGHAM, AL 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of SUSAN DERIEUX pursuant to the Alabama Rules of the Civil Procedure

| 10/29/2011 10:41:22 AM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested

/s JOHN GRIFFIN WATTS
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ____________

☐ I certify that I personally delivered a copy of the Summons and Complaint to ____________

____________ in ____________ County, Alabama on ____________

| ____________ | ____________ |
|---|---|
| Date | Server's Signature |

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2011-903860.00 |
|---|---|---|

IN THE CIVIL COURT OF JEFFERSON, ALABAMA
SUSAN DERIEUX V. NATIONAL CREDIT ADJUSTERS, LLC ET AL

NOTICE TO SMITH HAYNES & WATSON, LLC, C/O NATL REG AGENT OF KS 2101 SW 21ST STREET, TOPEKA, KS 66604

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 301 19th Street North, BIRMINGHAM, AL 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of SUSAN DERIEUX pursuant to the Alabama Rules of the Civil Procedure

10/29/2011 10:41:22 AM — Date

/s ANNE-MARIE ADAMS — Clerk/Register

By

☑ Certified mail is hereby requested

/s JOHN GRIFFIN WATTS — Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ____________

☐ I certify that I personally delivered a copy of the Summons and Complaint to ____________

____________ in ____________ County, Alabama on ____________

Date

Server's Signature

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2011-903860.00 |
|---|---|---|

IN THE CIVIL COURT OF JEFFERSON, ALABAMA
SUSAN DERIEUX V. NATIONAL CREDIT ADJUSTERS, LLC ET AL

NOTICE TO NATIONAL CREDIT ADJUSTERS, LLC, C/O NATL REG. AGENTS, INC 150 S. PERRY STREET, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 301 19th Street North, BIRMINGHAM, AL 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of SUSAN DERIEUX pursuant to the Alabama Rules of the Civil Procedure

10/29/2011 10:41:22 AM — Date

/s ANNE-MARIE ADAMS — Clerk/Register

By ____________

☑ Certified mail is hereby requested

/s JOHN GRIFFIN WATTS — Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ____________

☐ I certify that I personally delivered a copy of the Summons and Complaint to ____________

____________ in ____________ County, Alabama on ____________

____________ Date

____________ Server's Signature

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2011-903860.00 |
|---|---|---|

IN THE CIVIL COURT OF JEFFERSON, ALABAMA
SUSAN DERIEUX V. NATIONAL CREDIT ADJUSTERS, LLC ET AL

NOTICE TO SMITH HAYNES & WATSON, LLC, C/O NATL REG AGENT OF KS 2101 SW 21ST STREET, TOPEKA, KS 66604

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 301 19th Street North, BIRMINGHAM, AL 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of SUSAN DERIEUX pursuant to the Alabama Rules of the Civil Procedure

10/29/2011 10:41:22 AM — Date

/s ANNE-MARIE ADAMS — Clerk/Register

By

☑ Certified mail is hereby requested

/s JOHN GRIFFIN WATTS — Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on ____________________

☐ I certify that I personally delivered a copy of the Summons and Complaint to ____________________

____________ in ____________ County, Alabama on ____________

Date

Server's Signature

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

NATIONAL CREDIT ADJUSTERS, LLC
C/O NATL REG. AGENTS, INC
150 S. PERRY STREET
MONTGOMERY, AL 36104

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X Michele Robinson ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) MICHELE ROBINSON

C. Date of Delivery 11/1/11

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

D001

CV-2011-903860 STC

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number *(Transfer from service label)* 7010 2780 0002 8185 9105

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

FILED IN OFFICE
NOV 03 2011
ANNE-MARIE ADAMS
Clerk

ANNE-MARIE ADAMS, CLERK
JEFFERSON COUNTY CIRCUIT COURT
CIVIL DIVISION - ROOM 400
716 NO. RICHARD ARRINGTON BLVD
BIRMINGHAM, ALABAMA 35203

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SMITH HAYNES & WATSON, LLC
C/O NATL REG AGENT OF KS
2101 SW 21ST STREET
TOPEKA, KS 66604

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Diane Schafer ☒ Agent ☐ Addressee

B. Received by (Printed Name) Diane Schafer
C. Date of Delivery 11/02/11

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

Dodd

CV-2011-903860 Stc

3. Service Type
■ Certified Mail ☐ Express Mail
☐ Registered ■ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7010 2780 0002 8185 9112

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

FILED IN OFFICE
NOV 0 7 2011
ANNE-MARIE ADAMS
Clerk

ANNE-MARIE ADAMS, CLERK
JEFFERSON COUNTY CIRCUIT COURT
CIVIL DIVISION - ROOM 400
716 NO. RICHARD ARRINGTON BLVD
BIRMINGHAM, ALABAMA 35203

# EXHIBIT "B"

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| **SUSAN DERIEUX,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| | ) **Case No: CV-2011-903860.00** |
| **NATIONAL CREDIT** | ) |
| **ADJUSTERS, LLC** | ) |
| **SMITH HAYNES & WATSON,** | ) |
| **LLC, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**NOTICE TO CIRCUIT CLERK AND PARTIES OF FILING NOTICE OF REMOVAL**

TO: Anne-Marie Adams
Room 400 Jefferson County Courthouse
716 Richard Arrington, Jr. Boulevard North
Birmingham, Alabama 35203

John G. Watts
M. Stan Herring
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Phone:(205) 879-2447
Fax: (888) 522-7167

William H. McKenzie, IV
Norman, Wood, Kendrick &Turner
505 Twentieth Street North, Suite 1600
Birmingham, Alabama 35203
Phone: (205) 259-1039
Fax: (205) 251-5479

**YOU ARE HEREBY NOTIFIED** of the filing of a Notice of Removal to the United States District Court for the Northern District of Alabama, Southern Division, in the case of *Susan Derieux v. National Credit Adjusters, LLC; Smith Haynes & Watson, LLC, et al.*, Civil Action No. 2011-903860.00, in the Circuit Court of Jefferson County, Alabama, in accordance with the provisions of 28 U.S.C. § 1446. A copy of the Notice of Removal is attached hereto as Exhibit 1.

DATED this 1 day of December, 2011.

Neal D. Moore, III,
Larry Young, Jr.
*Attorneys for National Credit Adjusters, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on this the 1 day of December 2011, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

X mailing the same by first-class United States mail, properly addressed and postage pre-paid

__________ hand delivery

__________ via facsimile

__________ E-File

John G. Watts
M. Stan Herring
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Phone:(205) 879-2447
Fax: (888) 522-7167

William H. McKenzie, IV
Norman, Wood, Kendrick &Turner
505 Twentieth Street North, Suite 1600
Birmingham, Alabama 35203
Phone: (205) 259-1039
Fax: (205) 251-5479
*For Smith Haynes & Watson, LLC*

OF COUNSEL

# EXHIBIT "C"

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SUSAN DERIEUX,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NUMBER:** ____________ |
| | ) | |
| **v.** | ) | **Pending in the Circuit Court** |
| | ) | **of Jefferson County, Alabama** |
| | ) | **Case No: CV-2011-903860.00** |
| **NATIONAL CREDIT** | ) | |
| **ADJUSTERS, LLC** | ) | |
| **SMITH HAYNES & WATSON,** | ) | |
| **LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**SMITH HAYNES & WATSON, LLC'S NOTICE OF CONSENT AND JOINDER TO NOTICE OF REMOVAL**

COMES NOW, Defendant, Smith Haynes & Watson, LLC, appearing specially and solely for the purpose of removal without waiving service, or personal jurisdiction, hereby joins in and consents to the removal of this action from the Circuit Court of Jefferson County, Alabama, which removal was effected by Defendant, National Credit Adjusters, LLC. All of the pleadings and process which have been served upon each of the Defendants in this action are attached to the Notice of Removal filed by National Credit Adjusters, LLC.

DATED this 30th day of November, 2011.

William H. McKenzie, IV
Norman, Wood, Kendrick &Turner
505 Twentieth Street North, Suite 1600
Birmingham, Alabama 35203
Phone: (205) 259-1039
Fax: (205) 251-5479
*For Smith Haynes & Watson, LLC*

{W0308518.1 }